**El Pueblo de Puerto Rico, demandante y apelado,**
***v.* Cándido Rivas, acusado y apelante.**

Núm. 8252.—*Sometido:* Julio 22, 1940. *Resuelto:* Julio 26, 1940.

*Ramón G. Goyco,* abogado del apelante; *R. A. Gómez, Fiscal,* y
*Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo,
apelado.

El Juez Presidente Señor Del Toro emitió la opinión del
tribunal.

El Fiscal del Distrito de Ponce formuló acusación contra
Cándido Rivas por infracción de la Sección 2 de la Ley
Núm. 63 de 1931 (pág. 415) proveyendo lo necesario para
prohibir la venta, almacenaje o transporte de alimentos y
drogas o medicinas adulteradas o falsamente rotuladas o que
sean venenosas o perjudiciales a la salud y para otros fines,
porque "el 3 de marzo de 1939, en Ponce, . . . ilegal, volun-
taria y maliciosamente, tenía en venta para el consumo
humano, harina de trigo adulterada, . . ."

El acusado alegó que era inocente y celebrado el juicio
fué declarado culpable y condenado a pagar veinticinco dóla-
res de multa. No conforme, apeló, señalando como único
error el cometido a su juicio por la corte al apreciar la
prueba.

La evidencia presentada por El Pueblo consistió en varios
*exhibits* y en las declaraciones del Inspector de Alimentos y
Drogas del Departamento de Sanidad José Rosa Rosario, y
del Químico de dicho departamento, José Buxó Villafañe.

El primero manifestó, en resumen, que se personó en el almacén de C. Rivas y Cía. e inspeccionó y tomó muestras de cincuenta sacos de cien libras de harina de trigo que allí había y que mandó las muestras al laboratorio, resultando la harina adulterada, conteniendo treinta y ocho vermes vivos y muertos por kilo. Se ordenó la desnaturalización de la harina porque no podía usarse para el consumo humano. Le notificó al acusado la orden. El acusado no desnaturalizó la harina y la vendió, según le dijo, a agricultores que iban a mezclarla con verde parís para usarla en siembras de tabaco, dándole como explicación de su conducta el no haber entendido bien la orden recibida. La declaración del químico y los *exhibits* corroboran la declaración del inspector.

Por la defensa declararon el acusado, comerciante, quien manifestó que vendió los cincuenta sacos de harina a los agricultores para matar microbios en las siembras de tabaco, y los agricultores Agustín Fuertes y Julio Torres, quienes dijeron que habían comprado harina al acusado que emplearon después de mezclarla con verde parís en sus siembras de tabaco.

Creemos que con esa prueba como base pudo la corte concluir, como concluyó, que la infracción imputada al acusado fué por él cometida y que la multa de veinticinco dólares que le impuso está justificada.

La harina de trigo adulterada estaba expuesta para venta, que lo es por regla general para el consumo humano, cuando fué decomisada y se ordenó al acusado que la desnaturalizara, y sin cumplir con la orden, esto es, sin desnaturalizarla, fué por el acusado vendida.

La acusación se formuló por tenerse el artículo para la venta. No era necesario que se demostrara venta alguna. Se demostró, sin embargo, y ello permite conocer en toda su extensión la actuación del acusado. Su explicación no es admisible. De acuerdo con la orden que recibiera y que constituía la mejor garantía de los intereses públicos, él no podía vender en modo alguno la harina para el consumo humano,

y para poder venderla para otros usos tenía antes que des-- naturalizarla y no lo hizo.

La violación de la ley es manifiesta. No hubo error. *Debe el recurso declararse sin lugar y confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.